**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BOBBY JACKSON,

                      Petitioner,

v.                                                                                           9:22-CV-0496
                                                                                              (BKS/DJS)
DONALD UHLER, *Superintendent, Upstate Correctional Facility*,

                      Respondent.

---

**APPEARANCES:**                                                           **OF COUNSEL:**

OFFICE OF THERESA M. SUOZZI                                    THERESA M. SUOZZI, ESQ.
Attorney for Petitioner
480 Broadway
Suite 218
Saratoga Springs, New York 12866

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

Petitioner Bobby Jackson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a pro se memorandum of law in support of his petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1 & 1-2, Petitioner's Pro Se Memorandums of Law. Petitioner also remitted the statutory filing fee. Dkt. Entry dated 05/16/22 (identifying receipt information for filing fee transaction).

Petitioner is challenging a 2018 judgment of conviction from the Clinton County Court, upon a jury verdict, of two counts of second degree criminal possession of a controlled substance. Pet.

at 3-5; *see also People v. Jackson*, 189 A.D.3d 1705, 1705 (3rd Dep't 2020).[1] The New York State Appellate Division, Third Department, affirmed the conviction and, on October 19, 2020, the New York State Court of Appeals denied leave to appeal. *Jackson*, 189 A.D.3d at 1709, *lv. denied*, 35 N.Y.3d 1113 (2020); *see also* Pet. at 5. Petitioner contends that he also sought reconsideration of the Court of Appeals' decision, which was denied on or about November 16, 2021. Pet. at 5.[2]

On the second page of the petition, it states that petitioner is entitled to relief because (1) the warrant was defective because it was issued without probable cause; (2) the strip search violated petitioner's Fourth Amendment rights because it was not supported by probable cause; (3) petitioner was denied the right to confront one of his accusers when he was precluded from cross-examining the People's confidential informant; (4) a *Brady* violation occurred when the People failed to provide petitioner with exculpatory information about the controlled sale; (5) petitioner was denied a fair trial when the prosecution's witness knowingly offered false testimony; and (6) petitioner's sentence was harsh and excessive and he was incorrectly adjudicated a second felony offender. Pet. at 2.

The petition went on to include a discussion on the underlying factual basis and legal argument analyzing some, but not all, of the aforementioned claims. Specifically, the petition discussed the specific details of, and legal analysis supporting, petitioner's (1) Fourth Amendment claim about a defective warrant, Pet. at 5-25; (2) Fourth Amendment claim about an unlawful strip search, *id.* at 25-37; (3) *Brady* violation, *id.* at 38-41; and (4) Eighth Amendment claim regarding his harsh and excessive sentence, *id.* at 52-56. There was no discussion of petitioner's asserted violations of the confrontation clause or his right to a fair trial.

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The Court was unable to find that Court of Appeals decision during its own independent legal research.

However, the petition also included a discussion on the underlying factual basis and legal argument analyzing two claims which were not otherwise mentioned on the second page of the petition. Specifically, there was a claim that petitioner's conviction was against the weight of the evidence, Pet. at 42-51, and that petitioner's counsel was constitutionally ineffective, Pet. at 56-60. The Court is unclear why these grounds were analyzed because they do not appear to be part of the grounds upon which petitioner contends he is entitled to relief.

Moreover, attached as exhibits, are two pro se briefs in support of petitioner's federal habeas corpus claims. Dkt. Nos. 1-1 & 1-2. The submissions further discuss petitioner's claims that the search warrant was defective because it was not supported by probable cause. Dkt. No. 1-1 at 2-9; Dkt. No. 1-2 at 1-10. Additionally, the second submission also discusses petitioner's unlawful strip search. Dkt. No. 1-2 at 11-13.

In sum, the petition appears to assert four grounds for relief, two of which are further expounded upon by petitioner's pro se submissions in support of the counseled petition. However, the petition also identifies two additional grounds for relief, which do not have any amplifying factual information or legal analysis contained within the papers submitted. Moreover, there are another two grounds for relief which are not in the main body of the petition, Pet. at 2, however are further factually explained and analyzed in the latter portion of the petition, *id.* at 42-51, 56-60.

Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a federal habeas petition brought pursuant to 28 U.S.C. § 2254 must (1) "specify all the grounds for relief available to the petitioner," and (2) "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). As described above, however, the precise nature of the claims Petitioner seeks to assert in this action are unclear. In an effort to prevent unnecessary confusion

for respondent and the Court, petitioner is directed to file an Amended Petition within 30 days. That amended petition shall specifically identify the claims petitioner seeks to raise in this action and the factual and legal support for each claim. If petitioner fails to file an amended petition, the Court will presume that the four claims that have both factual and legal analysis – namely petitioner's Fourth Amendment claims regarding an alleged lack of probable cause for the search warrant and strip frisk as well as Petitioner's *Brady* and harsh and excessive sentencing claims – are the intended grounds for relief in the petition, Dkt. No. 1, which will serve as the operative pleading.

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the

filing date of this Decision and Order, the Court shall presume that the four aforementioned claims in the original petition are the bases for habeas relief to which the petitioner believes he is entitled and will review said petition as the operative pleading; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Petitioner in accordance with the Court's Local Rules of Practice.

Dated: May 19, 2022
    Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge