**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

—————————————————————————————

BOBBY JACKSON,

                                  Petitioner,                    9:22-cv-496
                                                                 (ECC/DJS)
v.

SUPERINTENDENT OF MARCY
CORRECTIONAL FACILITY,

                                  Respondent.

—————————————————————————————

Theresa Suozzi, Esq., *for Petitioner*
Paul B. Lyons, Asst. Att'y General*, for Respondent*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Petitioner Bobby Jackson, a New York State inmate, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Dkt. No. 1.  Petitioner then filed an Amended Petition. Dkt. No. 4.  Respondent answered and filed the appropriate state-court records.  Dkt. Nos. 14, 16. This matter was assigned to United States Magistrate Judge Daniel J. Stewart who issued a Report and Recommendation on July 30, 2025, recommending that the Petition be denied and dismissed in its entirety, and that no certificate of appealability be issued to Petitioner.  Dkt. No. 29. Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review.  Dkt. No. 29 at 18.  Petitioner filed objections to the Report-Recommendation.  Dkt. Nos. 30, 32; *see* Dkt. No. 33.  For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## I.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . . " *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citation omitted).

## II.    DISCUSSION

The Court assumes familiarity with the background and facts underlying the Petition as summarized in the Report-Recommendation. The Petitioner raises six grounds for relief under 28 U.S.C. § 2254: (1) Petitioner's car was searched and seized pursuant to a warrant that was issued without probable cause; (2) Petitioner was strip searched without probable cause; (3) the prosecution failed to turn over material pursuant to *Brady v. Maryland*; (4) the evidence presented at trial was insufficient to support the jury's verdict; (5) Petitioner's sentence was harsh and

excessive as well as improperly adjudicated; and (6) Petitioner was denied the effective assistance of counsel.  Dkt. No. 4 at 2, 7.

After carefully considering each of these claims, Magistrate Judge Stewart recommended that the Petition be denied.  Dkt. No. 29 at 18.  Magistrate Judge Stewart noted that Petitioner's first two grounds were Fourth Amendment-based claims and concluded that even if Plaintiff did not raise the issues in state court, he had an opportunity to do so, and they are therefore not grounds for habeas relief under *Stone v. Powell*, 428 U.S. 465, 482 (1976).  Dkt. No. 29 at 7–9.  Magistrate Judge Stewart determined that Petitioner's *Brady* claim failed to identify with specificity what evidence was withheld or what prejudice he suffered as a result of any withheld evidence.  Dkt. No. 29 at 9–11.  Magistrate Judge Stewart found that Plaintiff's sufficiency of the evidence claim failed because the prosecution presented evidence, including a video that "appears to clearly show" a package that turned out to be cocaine fall from Petitioner's body that would allow a reasonable jury to find beyond a reasonable doubt that he possessed a controlled substance.  Dkt. No. 29 at 11–13.  Magistrate Judge Stewart found that Petitioner's sentencing claim is not cognizable on habeas review because it relies on questions of New York criminal practice, and the sentence was within statutory limits.  Dkt. No. 29 at 13–15.  Finally, Magistrate Judge Stewart found that the ineffective-assistance-of-counsel claim relied on conclusory allegations that were insufficient to meet the standard of *Strickland v. Washington*.  Dkt. No. 29 at 15–17.

Petitioner's objections to the Report-Recommendation are documents that he claims relate to ongoing attempts to challenge his underlying conviction in state court,[1] Dkt. No. 30, and

---

[1] Whether or not Petitioner has in fact exhausted his state remedies need not be considered in this decision adopting the Report-Recommendation, because the Report-Recommendation rejected Petitioner's claims on the merits.  *Aparicio v. Artuz*, 269 F.3d 78, 90 n.5 (2d Cir. 2001) (noting that "a habeas court [may] reject a claim on the merits notwithstanding the fact that it is unexhausted").

documents that either repeat his original arguments for habeas relief or raise new arguments not included in his counseled petition.  Dkt. Nos. 32, 32-1, 32-2.  None of the documents, which refer to the Report-Recommendation only three times, Dkt. No. 30 at 1; Dkt. No. 32 at 1, 14, identify the specific portions of the Report-Recommendation that he asserts are erroneous, and the documents do not provide any basis for asserting error.  Therefore, the Report-Recommendation's conclusions are reviewed for clear error.  *See Kruger*, 976 F. Supp. 2d at 296.  Moreover, any new arguments will not be considered.  *Parker v. Smith*, 858 F. Supp. 2d 229, 233 n.2 (N.D.N.Y. 2012); *see Tripp v. Suprintendent,* No. 9:21-cv-406 (TJM/DJS), 2023 WL 7383170, at *5 (N.D.N.Y. Nov. 8, 2023) (noting that "in habeas cases, courts will not consider any claims raised by a petitioner in his objects which were not raised in the petition").  The Court has, accordingly, reviewed the Report-Recommendation for clear error and found none.

## III.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation, Dkt. No. 29, is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Amended Petition, Dkt. No. 4, is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals. (Fed. R. App. P. 22(b)); and it is it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2025

_____

Elizabeth C. Coombe
U.S. District Judge